## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

**ROBERT J. MOTEN,**
**ADC #104692**                                                                **PLAINTIFF**

**V.**                              **CASE NO. 5:15-CV-326-JLH-BD**

**MIRIAM LESTER and**
**WENDY KELLEY**                                                    **DEFENDANTS**

### RECOMMENDED DISPOSITION

### I.    Procedure for Filing Objections

This Recommended Disposition ("Recommendation") has been sent to Judge J. Leon Holmes.  You may file written objections to this Recommendation.  If you file objections, they must be specific and must include the factual or legal basis for your objection.  Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing the record.  By not objecting, you may also waive any right to appeal questions of fact.

### II.    Background

Robert Moten, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit without the help of a lawyer under 42 U.S.C. § 1983.  (Docket entry #2)  In his complaint, Mr. Moten claims that his parole release date was improperly calculated.  He

names ADC Records Supervisor Miriam Lester and ADC Director Wendy Kelley as

Defendants.

Defendants have filed motions for summary judgment, as has Mr. Moten. (#16,

#30, #41) Based on the undisputed evidence presented by the parties, the Court

concludes that Defendants' second motion for summary judgment (#41) should be

GRANTED. Mr. Moten's motion should be DENIED and his claims DISMISSED, with

prejudice.

### III.    Discussion

A.    Standard

In a summary judgment, the court rules in favor of a party without the need for a

trial. A party is entitled to summary judgment if the evidence, viewed in the light most

favorable to the party on the other side of the lawsuit, shows that there is no genuine

dispute as to any fact that is important to the outcome of the case. FED.R.CIV.P. 56;

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548 (1986); *Anderson v.*

*Liberty Lobby, Inc.,* 477 U.S. 242, 246, 106 S.Ct. 2505 (1986).

B.    History

In his complaint, Mr. Moten states that he was admitted to the ADC on March 24,

2010, to serve a 264-month term of imprisonment after his state-court criminal conviction

for first-degree battery and a 30-month term for second-degree battery. After a criminal

background check, the Pine Bluff Record Supervisor determined that Mr. Moten had been

convicted in state court in 1995 of unlawful discharge of a firearm from a vehicle.

Applying the 2001 amended parole eligibility statute, the Record Supervisor determined

that Mr. Moten was not eligible for parole.

Here, Mr. Moten complains that this calculation of his parole eligibility date

violates the *ex post facto* clause of the Constitution, as well as his due process rights.  Mr.

Moten seeks an order requiring the Defendants to allow him to be parole-eligible after

serving one-third of his sentence.

In their first motion for summary judgment, Defendants argue that Mr. Moten's

claims should be dismissed because: he failed to exhaust his administrative remedies; his

claims are time-barred; and he cannot recover money damages from Defendants in their

official capacities.  Defendants later abandoned their argument that Mr. Moten had failed

to exhaust his administrative remedies.  (#22, #23)

In their second motion for summary judgment, Defendants argue that Mr. Moten's

claims are more correctly categorized as habeas corpus claims rather than civil rights

claims.  They go on to argue that they are entitled to summary judgment if the Court

construes this lawsuit as a federal habeas action because Mr. Moten has no liberty interest

in the possibility of parole.

Mr. Moten has also moved for summary judgment and has responded to the

Defendants' motions.  In his motion for summary judgment and in his response to the

Defendants' second motion for summary judgment, he argues that this matter should not

be construed as a federal habeas action because he seeks eligibility for release on parole

rather than immediate release from custody.  He argues that he has stated a claim arising

from the Defendants' ex post facto application of a new parole eligibility rule.  He

concedes that he has no liberty interest in parole.  (#46)

C.      Ex Post Facto Claim

The retroactive application of changed parole law violates the ex post facto clause

if it creates "a sufficient risk of increasing the measure of punishment" as compared to the

punishment applicable at the time the crime was committed.  *Garner v. Jones*, 529 U.S.

244, 250, 120 S.Ct. 1362 (2000) (quoting *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499,

509, 115 S.Ct. 1597 (1995) (internal quotation omitted)).  The issue here, then, is how

Arkansas's current parole laws compare with those in effect at the time Mr. Moten

committed his crimes.

It is undisputed that Mr. Moten's parole eligibility was calculated under the

provisions of the statute in effect at the time he committed the 2007 offenses.  ARK. CODE

ANN. § 16-93-609.  According to that statute;

> Any person who commits a violent felony offense . . . subsequent to August
> 13, 2001, and who has previously been found guilty of or pleaded guilty or
> nolo contendere to any violent felony offense . . . shall not be eligible for
> release on parole by the board.

ARK. CODE ANN. § 16-93-609(b)(1).  There is no dispute that Mr. Moten's 1997 felony

conviction for unlawful discharge of a firearm from a vehicle is now deemed "a violent

felony offense" for purposes of the parole-eligibility statute.  See ARK. CODE ANN.

4

§ 5-4-501.

Mr. Moten argues that, in 1995, when he committed his previous offense, the statute limiting parole eligibility did not include all violent felonies, but rather only three: first-degree murder, rape, and aggravated robbery.  Mr. Moten is correct that the crime that he committed in 1995 was not, at the time, a crime that would have made him ineligible for parole.  And had the list of offenses included in the definition of "violent felony" not been amended in 2001, he would not be ineligible for parole as a result of his 2007 battery convictions.  In other words, his argument is that the consequences of his 1995 behavior was rendered more severe as a result of the 2001 amendment to the parole-eligibility statute.  This observation, while true, misses the mark.

Before Mr. Moten committed his 2007 offenses, the parole-eligibility rule changed.  The earlier version of the statute was no longer in effect – and had not been since 2001.  Mr. Moten fully discharged his 1995 sentence before the statute was revised.  The changes in the statute did not "increas[e] the measure of punishment" he received for that offense.  When he committed the 2007 crimes, he exposed himself to the laws then in effect – including the 2001 version of the parole-eligibility statute.

Because Mr. Moten's parole eligibility was correctly computed according to the parole eligibility statute in effect at the time he committed his offense, Mr. Moten's *ex post facto* argument fails as a matter of law.

IV.   **Conclusion**

The Court recommends that the Defendants' second motion for summary judgment (#41) be GRANTED.  Mr. Moten's claims should be DISMISSED, with prejudice.  Mr. Moten's motion for summary judgment (#30) should be DENIED, as moot.  The Defendants' first motion for summary judgment (#16) also should be DENIED, as moot.

DATED this 5th day of April, 2016.

_____
UNITED STATES MAGISTRATE JUDGE